[Crim. No. 358. Fourth Appellate District.—March 29, 1938.]

THE PEOPLE, Respondent, v. LAWRENCE TAYLOR, Appellant.

526

LeRoy Anderson and Z. B. West for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with violating section 288 of the Penal Code by performing certain described acts upon and with a boy of the age of 12 years, and in a second count with violating the Juvenile Court Law by contributing to the delinquency of this minor by doing certain other acts. A jury found him not guilty of the charge of violating section 288 of the Penal Code and guilty of the contributing charge. From the judgment entered he has appealed.

From the evidence for the prosecution it appears that the boy in question was selling magazines in Newport Beach on June 22, 1937; that the appellant, who was a real estate agent, came along in an automobile and asked him where Costa Mesa was; that the boy lived in Costa Mesa and the appellant asked him to ride there with him, which he did; that the boy showed the appellant the house where he lived, but the appellant asked him to ride further with him; that the appellant drove over some country roads and, after showing the boy some land which he stated that a man wanted to have sold, finally stopped the car and the events involved in the first count of the information there took place; that

the appellant then took the boy to a place near his home; and that he then asked the boy what magazine he was selling and on being told it was the Saturday Evening Post the appellant bought one, giving the boy a dime and telling him to keep the change. Two or three days later the appellant, in the same car, again approached this boy and asked him to take a ride, which he refused to do. At that time the boy was with his brother and after the appellant left he told the brother what had occurred a few days before. The boys went home and told their mother and she advised them to watch and get the license number of the car. A few days later, while in company with his two brothers, the boy in question again saw the appellant driving the same car. The appellant addressed the boy by his first name and asked if he was still selling magazines and receiving a negative answer offered the boy a ride, which was refused. While this conversation was going on one of the brothers went behind the car and wrote the license number on the ground with a stick. The boys went home and gave the license number to their mother, who wrote it on a piece of paper. This was turned over to the officers and through that number the residence of the appellant was found. The boys were taken there by the officers and identified the appellant and the car as the person and car they had previously seen. Before that time the boys had given the officers a good description of the appellant and of the car.

■ It is first contended that the evidence was insufficient to sustain the judgment because the testimony of the complaining witness and of one of his brothers was so uncertain, contradictory and unreasonable as to be unworthy of belief. In support of this contention it is pointed out that the complaining witness testified that his birthday was on June 30th, while his mother testified that he had made a mistake and that it was on April 30th; that he did not know the names of certain streets or certain directions; and that he testified that on the occasion in question he was selling the Saturday Evening Post and did not have the Liberty Magazine, but later stated that he did not know whether he was selling Liberties or Saturday Evening Posts at that time. It is also argued that the brother of the complaining witness, who gave an excellent description of the man who asked the complaining witness if he was still selling magazines and who then

asked him to take a ride with him, could not have been telling the truth because in another place in the transcript it appears that he testified that he did not get a chance to look at the man who was driving the car. It clearly appears that he testified that he did not get a chance to look at the man the first time he saw this man in the car, which was the second time the complaining witness was accosted and asked to ride. His description related to the third time the complaining witness was asked to take a ride, when all three of the brothers were present, and there is no inconsistency or uncertainty in any portion of this witness' testimony. While there are a few inconsistencies in the testimony of the complaining witness none of these are on material matters. We find nothing in the record of the testimony of that witness which seems unreasonable, especially in view of the boy's age, or which brands it as unworthy of belief. The jury believed at least a part of that testimony and this is entirely sufficient to support the judgment entered.

The only other point raised is that the verdict is inconsistent and conflicting. It is argued that the evidence in support of both charges is identically the same and that since the jury acquitted him on the first charge it necessarily follows that there is no basis for his conviction on the second charge. This argument is entirely without merit since the specific acts alleged and proved in connection with the second charge are entirely separate and distinct from those alleged and sought to be proved in connection with the first charge, although they occurred on the same trip, and they are acts which would not have supported a conviction on the first charge.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1938.